CV-11 0664

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARIANA STUART and CLARENCE STUART

                              Plaintiff(s),

    -against-

THE CITY OF NEW YORK, POLICE OFFICER,
JASON BARR, SHIELD #23000 and DISTRICT
ATTORNEY OF QUEENS COUNTY,
                            Defendant(s).
------------------------------------------------------------X

(SF)

Civil Action No.

COMPLAINT

JURY TRIAL DEMANDED,

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D N.Y
★ FEB 10 2011 ★
LONG ISLAND OFFICE

MAUSKOPF
CARTER, M.J.

COUNT ONE

1.    Plaintiffs, Ariana Stuart and Clarence Stuart complains of the defendants, The City of New York, Police Officer, Jason Barr, Shield #23000 and District Attorney of Queens County, that they violated certain civil rights guaranteed to the plaintiffs through the false arrest, malicious prosecution, excessive force and the infliction of the intentional infliction of mental distress and the assault and battery forced upon the plaintiff, Ariana Stuart by The City of New York, certain police officers of The City of New York, including Jason Barr, the arresting officer, all done without probable cause and all in violation of the plaintiff, Ariana Stuart's Civil Rights, pursuant to 42 U.S.C. Sec. 1983.

2.    The father of the Plaintiff, Ariana Stuart, Clarence Stuart does hereby complain that the actions that occurred with respect to his daughter, Ariana Stuart has caused a loss of consortium and companionship of his daughter because of the trauma and mental suffering she has suffered.

1

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C. Sec. 1983. This court's jurisdiction is invoked pursuant to this statutory section

## PARTIES

4. The plaintiff, Ariana Stuart was at all times relevant a citizen of the United States and a resident of Queens County, State of New York.

5. The father of the plaintiff, Clarence Stuart, was at all times relevant a citizen of the United States and a resident of Queens County, State of New York.

6. The City of New York was at all times relevant a municipal corporation with its immediate headquarters in New York County, New York.

7. Police Officer, Jason Barr, shield #2300 was at all times relevant, a Police Officer employed by the New York City Police Department in Queens County.

## FACTS AND BACKGROUND

8. The plaintiff, Ariana Stuart has at all times relevant to this case resided at 90-05 161st Street, Apt 3M, Jamaica, New York 11432. Ariana Stuart lives with her mother, Jo Ann Liks. Ariana has the following brothers and sisters not living with her: Johnathan, Anthony, and her sisters Pamela and Shanay. Ariana Stuart is an excellent student at Martin Van Buren High School in School where she is presently a junior. She has career plans to be a journalist and is working toward that goal.

9. On Saturday, September 18, 2010 at approximately 7:15 p.m., Ariana Stuart left home to exercise and walk in Rufus King Park, nearby her home. The park is well frequented by students, and families. There are many joggers there. On this day, in the evening about 7:25 p.m., Ariana Stuart encountered two young friends of hers and began talking to them. They were

friendly and decent young men. Ariana Stuart was about to leave the area when a police car pulled up and blocked her path. There were two officers. They began speaking with her and the young men and proceeded for no reason at all and without legal basis at all to search her bag. Her bag merely contains personal items, a cell phone, and a pump for her asthma condition.

10. The police then began speaking to the two young men. Immediately thereafter, one more police car pulled up and several police officers emerged from the car and surrounded everyone there including Ariana and the young men. Everyone was handcuffed.

11. Ariana Stuart has never had any encounter with the police such as occurred here before in her life. Ariana Stuart is a respectable person and comes from a very good family. Ariana Stuart was taken to the 103rd Precinct and held in a cell for 5 to 6 hours until her sister was called and she was released. She was in the vicinity and if not in the company of hardened alleged offenders.

12. Thereafter, she appeared in the Criminal Court, Queens County on two dates (1) September 28, 2010 and finally on October 5, 2010 when her case was dismissed in AR2.

13. Since this extremely traumatic incident, which has caused Ariana Stuart to endure great mental suffering including depression, anxiety, loss of sleep, and humiliation, she has seen a number of doctors. Initially, Ariana Stuart had a visit with Dr. Fitzgerald at the Queens Medical Group in Forest Hills. She has subsequently seen a therapist, Dr. Tariq, for her mental suffering and emotional pain and trauma. She has seen Dr. Tariq once. She has since seen another therapist at the same location, Dr. Wadih.

14. Ariana Stuart, at the time of this incident was only 16 years old. The incident was greatly painful for Ms. Stuart and has left a permanent mark on her feelings and emotions. Ariana

Stuart now has fear of other people, fear of the police, and is afraid to go out at nights as she used to, including going to the park.

15. This arrest was made without probable cause on the part of the police and was in total violation of Ariana Stuart's constitutional and civil rights.

16. This case was subsequently completely dismissed by the District Attorney's Office of the County of Queens, an actual admission, in fact, by the District Attorney's Office, that this arrest, and what happened to Ms. Stuart, had no legal basis at all. The Queens County District Attorney issued Ms. Stuart a 343-Letter dismissing all charges against her. The arrest was a false arrest and when Ms. Stuart was handcuffed and touched by the police and search, she was virtually the subject of an assault and attack by officers of The New York City Police Department, including Officer Barr.

17. The subsequent prosecution of Ms. Stuart was no more than a malicious prosecution on the part of the Queen County District Attorney's Office, as a result of this false arrest. The New York City police Department and the Officers in this case, intentionally caused Ms. Stuart great mental stress.

18. Not only was the arrest false, but undue and excessive force was put upon by members of the New York City Police Department, upon an innocent 16 year old young woman who had never had anything like this happen to her.

19. Clarence Stuart, her father, because of the emotional suffering and pain that his daughter has endured, has now lost the companionship and relationship with his daughter that he formally had.

## AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO 42 U.S.C. SEC. 1983 AGAINST THE CITY OF NEW YORK

20. Paragraphs 1-19 are incorporated herein by reference.

21. The City of New York, through The New York City Police Department, has engaged in a pattern of illegal and false arrests, without probable cause, for some time against a large number of individuals. The City of New York, through The New York City Police Department, has had a custom and policy of making illegal and false arrests with excessive force, without probable cause, in violation of those persons civil rights. Those arrests have been dismissed in court.

## AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO 42 U.S.C. SEC. 1983 AGAINST THE INDIVIDUAL POLICE OFFICERS, POLICE OFFICER JASON BARR, AND THE CITY OF NEW YORK

22. Paragraphs 1-21 are incorporated herein by reference.

23. Ms. Stuart, as a result of her arrest, without probable cause, perpetrated by a number of Officers, including Officer, Jason Barr, was falsely arrested completely without probable cause. The City of New York, because of its custom and policy of tolerating this particular type of false arrest, condoned and participated in the false arrest of the plaintiff, Ariana Stuart.

## AS AND FOR A THIRD CAUSE OF ACTION PURSUANT TO 42 U.S.C. SEC. 1983 AGAINST THE INDIVIDUAL POLICE OFFICERS, POLICE OFFICER JASON BARR, AND THE CITY OF NEW YORK

24. Paragraphs 1-23 are incorporated herein by reference.

25. This arrest of the plaintiff, Ariana Stuart, the search of her by officers of the New York City Police Department, and the handcuffing of her, constituted excessive force and the tort of assault and battery. Since the arrest was totally without legal foundation and should not have occurred, the City of New York through its custom, policy and toleration of this type of police

conduct, participated in, and condoned the excessive force used and inflicted on the plaintiff, Ariana Stuart.

### AS AND FOR A FOURTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. SEC. 1983 AGAINST THE INDIVIDUAL POLICE OFFICERS, POLICE OFFICER JASON BARR, THE CITY OF NEW YORK, AND QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE

26. Paragraphs 1-25 are incorporated herein by reference.

27. The named defendants herein, all acting together, and in conspiracy, intentionally caused the plaintiff, Ariana Stuart, great mental suffering, including loss of sleep, depression, humiliation, and anxiety. This infliction of mental distress was outrageous and beyond the bound of civilized conduct.

### AS AND FOR A FIFTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. SEC. 1983 AGAINST QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE

28. Paragraphs 1-27 are incorporated herein by reference.

29. The prosecution of the plaintiff, Ariana Stuart, and her being forced to appear in court, was a malicious prosecution without legal basis.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR LOSS OF CONSORTIUM

30. Paragraphs 1-27 are incorporated herein by reference.

31. Plaintiff, Clarence Stuart, by reason of the trauma suffered by his daughter and the effect on her feelings which has caused Ariana Stuart depression, anxiety, humiliation and great emotional pain, has lost the love, companionship, and relationship he formally had with his daughter.

WHEREFORE, plaintiff, Ariana Stuart, requests that this Court:

(a)  Award compensatory damages against defendants, each of them, jointly and severally in the amount of $5,000,000.

(b) Award punitive damages against the defendants jointly and severally in the amount of $5,000,000

(c) Award cost of action, including attorney's fees, to plaintiff;

(d) Award such other and further relief as this Court may deem appropriate;

A jury trial is demanded.

Dated: Jericho, New York
       February 1, 2011

_____
Andrew J. Schatkin
LAW OFFICES OF ANDREW J. SCHATKIN
350 Jericho Turnpike
Jericho, NY 11753
(516)932-8120